(3 App. Div. 440.)

PEOPLE ex rel. BROWN v. SUTTON et al.

(Supreme Court, Appellate Division, Second Department. April 28, 1896.)

1. MUNICIPAL CORPORATIONS—EMPLOYMENT OF CLERKS.
     Brooklyn City Charter, tit. 4, § 28, which makes it the duty of the comptroller, auditor, and chairman of the finance committee of the common council to annually examine the accounts of the collector of taxes and other officers, and report to the council, does not empower them to employ help, and fix salaries therefor.

2. SAME—REDUCING SALARIES TO DAY'S WAGES.
     A resolution of the common council reducing the salaries of certain clerks from $250 a month to $4 a day does not reduce such salaries to day's wages, but leaves them on a salary measured by $4 a day.

Appeal from special term, Kings county.

Application by William A. Brown for a peremptory writ of mandamus to compel John R. Sutton, George W. Palmer, and Charles J.

Haubert, as constituting the board of audit of the city of Brooklyn, to certify the pay roll of relator as a clerk of said board of audit for the months of September and October, 1895, at the rate of $250 a month. The application was denied, and relator appeals. Affirmed.

The opinion of Mr. Justice GAYNOR at special term is as follows:

There is no board of audit in the government of Brooklyn, although a "board of audit" is set down in the civil service schedules, among the departments of the city government. It is made the duty of the comptroller, auditor, and chairman of the finance committee of the common council to annually examine the accounts of the collector of taxes, register of arrears, register of water rates, and treasurer, and present the result, thereof in writing to the common council at its first meeting of each year, and the same duty is cast upon the auditor and the said chairman of the finance committee in respect of the accounts of the comptroller. Charter, tit. 4, § 28. These officers are not made a board. A board has to act by resolution, the majority binding all. This duty of examining accounts is cast upon these officials. There is no provision of law empowering them to employ help and fix their salaries. The law contemplates that they do it themselves, with the aid of the staffs of their departments, or else they have the implied power to employ separate help for the purpose. This latter has been the view taken and followed heretofore. The power to fix salaries of such officials rests either in them, or in the common council. Formerly the common council had the power to fix the salaries of the employés of the city generally, but now heads of departments have the power to fix salaries of the subordinates in their respective departments. Title 3, § 2. But these officials do not constitute a department. It seems to follow that salaries of other employés are to be fixed by the common council. Title 2, § 22. The petitioners have heretofore been doing expert and responsible duties, under the said officials, in the examination of accounts, at salaries heretofore deemed reasonable for such work. The said officials removed them, whereupon, being veterans, they were reinstated, under the judgment of the general term of the supreme court. Thereupon the said officials, and also the common council, reduced their salaries to four dollars a day, with a view, it is said, of taking them out of the protection of the veterans' statute, which does not extend to those receiving days' wages. This intention is disavowed. It is also said that so great a reduction has been made so as to compel the incumbents to resign. This is also disavowed. The common council being the power to fix the salaries, I do not think this court may inquire into its motives in making the reduction. I am also of opinion that the resolution reducing the salaries does not reduce the petitioners to days' wages, but leaves them upon a salary which is measured by four dollars a day. The motion is denied.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Chas. J. Patterson, for appellant.
Joseph A. Burr, Jr., for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, upon the opinion at special term. ·